IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **ROBERTO PEREZ #2232041** § | |
| § | |
| **V.** § | A-20-CV-622-LY |
| § | |
| **GARY ARNOLD VILLARREAL,** § | |
| **et al.** § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Telford Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff was convicted by a jury of retaliation against a public servant. Punishment was assessed at ten years confinement. Plaintiff's conviction was affirmed by the Fourth Court of Appeals.

1

The background of Plaintiff's criminal case is found in the appellate court's opinion:

On June 12, 2017, Officer Darren Johnson responded to a disturbance at the Val Verde County Library (the "Library"). Upon arrival at the Library, Officer Johnson saw Perez sitting beneath a tree holding a can of beer. Officer Johnson offered to drive Perez to a public park in the neighborhood where he could drink his beer without violating the law. Perez agreed and Officer Johnson dropped Perez off at the park.

Later that day, Officer Johnson responded to another reported disturbance involving Perez at a park. While en route to the park, Officer Johnson heard a report over the police radio concerning the discovery of damaged property at the Library. Suspecting Perez may have caused the damage, Officer Johnson detained Perez and placed him in the backseat of his patrol car. Officer Johnson testified that Perez then became "agitated" and "aggressive." Officer Johnson smelled a strong odor of alcohol on Perez's breath. Officer Johnson informed Perez he was under arrest for public intoxication and would be taken into custody. According to Officer Johnson, Perez became more aggressive after being told he was under arrest.

Perez began making death threats toward Officer Johnson while Officer Johnson was transporting Perez to the police station. Officer Johnson testified that Perez "started making threats that he wanted to kill [Officer Johnson] ... and kill [his] family," and repeatedly said "I'll kill you, I'll kill you, I'll kill your whole family." According to Officer Johnson, Perez threatened to kill him and his family "approximately seven times," including one final threat Perez made while staring at Officer Johnson: "I will kill you with my bare hands." On August 8, 2018, Perez was convicted by a jury for retaliation against a public servant and was sentenced to the statutory maximum of ten years in prison.

*Perez v. State*, No. 04-18-00592-CR, 2019 WL 4178635, at *1 (Tex. App. – San Antonio 2019, no pet.).

Plaintiff states he was drunk at the time of the offense and he does not know what he told the officer. Plaintiff indicates he was guilty of public intoxication, but things got out of control. Plaintiff states he never touched the officer, resisted him or attacked him.

Plaintiff sues trial counsel Gary Arnold Villarreal, appellate counsel Sostenes G. Mireles II, and the Honorable Enrique Fernandez.  For relief Plaintiff requests to "sue them" and seeks his immediate release.  Plaintiff states he wants his liberty and freedom back.

DISCUSSION AND ANALYSIS

A.	Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.	Judicial Immunity

Plaintiff's claims against Judge Fernandez are barred by judicial immunity to the extent Plaintiff may be seeking monetary relief. It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within his jurisdiction. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). Motive of the judicial officer is irrelevant when considering absolute immunity. *See Mitchell v. McBryde*, 944 F.2d 229,

230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11-12. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (quoting *Mireless*, 502 U.S. at 12). In the case at bar, Plaintiff does not complain of any actions taken by Judge Fernandez that were nonjudicial in nature nor does he show that he was acting in the clear absence of all jurisdiction. Accordingly, Judge Fernandez is protected by absolute immunity.

    C.    <u>State Actor</u>

With respect to Plaintiff's claims brought against his attorneys Plaintiff fails to state a claim. An action which is essentially a tort claim for malpractice against appointed counsel cannot be brought under §1983. *See O'Brien v. Colbath*, 465 F.2d 358, 359 (5th Cir. 1972); *Shapley v. Green*, 465 F.2d 874 (5th Cir. 1972). Likewise, no claim under § 1983 can be brought against retained counsel because retained counsel does not act under color of state law. *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985), *cert. denied*, 479 U.S. 826 (1986).

D.  Habeas Claims

To the extent Plaintiff seeks his immediate release, he must seek such relief in an application for habeas corpus relief after he has exhausted his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). The Court should decline to construe this action as a request for habeas corpus relief. Plaintiff filed an application for habeas corpus relief in Cause No. A-20-CV-624, which was dismissed without prejudice for failure to exhaust his state court remedies.

RECOMMENDATION

It is therefore recommended that Plaintiff's claims seeking habeas corpus relief be dismissed without prejudice to refiling in an application for habeas corpus relief after he has exhausted his state court remedies. It is further recommended that Plaintiff's remaining claims be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order

of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. *See*, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 2005).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual

findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on July 16, 2020.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE